IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KENITH M. A'GARD,

        Plaintiff,        Civil Action No.
                                    9:14-CV-0613 (GTS/DEP)

   v.

N. LOCKE, *et al.*,

        Defendants.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

KENITH M. A'GARD, *Pro Se*
10-A-3008
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN        CHRISTOPHER J. HUMMEL, ESQ.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenith M. A'Gard, a New York State prison inmate, has commenced this civil rights action against several defendants, both named and unidentified "Doe" defendants, all of whom are corrections employees stationed at the prison facility in which plaintiff was confined at the relevant times, pursuant to 42 U.S.C. § 1983. Since its inception, the action has been the subject of initial review by the court pursuant to 28 U.S.C. §§ 1915(e) and 1915A, pretrial discovery, and dispositive motion practice.[1]

On June 24, 2016, I issued an order, report, and recommendation in which I (1) ordered that, within forty-five days, defense counsel produce to plaintiff the true identities of the defendants named in the complaint as Sergeant John Doe and Lieutenant John Doe; (2) recommended that defendant Locke's motion for summary judgment be granted and that the claims asserted against that individual be dismissed; and (3) recommended that plaintiff's claims asserted against defendants Corrections Officer John Doe 1, Corrections Officer John Doe 2, and Nurse Doe be dismissed without prejudice. Dkt. No. 71 at 26-27. Counsel

---

[1] I respectfully refer the parties and the assigned district judge to my earlier report, dated June 24, 2016, for a full recitation of the factual background and procedural history of this case. Dkt. No. 71.

2

for defendant Locke filed a letter on August 4, 2016, in connection with his obligation to identify the remaining John Doe defendants. Dkt. No. 76. In that letter, Assistant Attorney General Christopher Hummel indicated that, although he conferred with defendant Locke regarding the identity of defendants Sergeant John Doe and Lieutenant John Doe, defendant Locke cannot recall the names of either defendant, despite having reviewed the 11-Building console log book from the date of the incident. *Id.* at 1.

In light of that representation by defense counsel, who is an officer of the court, I now recommend dismissal of all claims in the action against defendants Sergeant John Doe and Lieutenant John Doe, both of whom plaintiff has failed to identify, serve, and join in this action. *See, e.g., Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (holding that Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court the authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"); *Delrosario v. City of N.Y.*, No. 07-CV-2027, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010) (dismissing, *sua sponte*, claims against the John Doe defendants in light of the plaintiff's failure to prosecute "[w]here discovery was closed and the Plaintiff had had ample time and opportunity to identify and serve John Doe Defendants"). The court believes it has

3

undertaken its obligation to assist plaintiff in identifying the unnamed defendants in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), by directing defendant Locke's counsel to provide the name of the two remaining defendant John Does. Because counsel has demonstrated compliance with the court's order, it is unclear what further steps could be taken that would not inappropriately result in the court assuming the role of plaintiff's advocate. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's remaining claims asserted against defendants Sergeant John Doe and Lieutenant John Doe be dismissed; and it is further

RECOMMENDED that, in light of the above recommendation and the recommendations contained in my previous order and report dated June 24, 2016 (Dkt. No. 71), plaintiff's complaint in the action be dismissed in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 17, 2016
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge