UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENITH A'GARD,

                         Plaintiff,

v.

N. LOCKE, Corr. Officer a/k/a N. Lock;
JOHN DOE 1, Corr. Officer, Upstate Corr.
Facility; JOHN DOE 2, Corr. Officer, Upstate
Corr. Facility; JOHN DOE, Corr. Sergeant,
Upstate Corr. Facility; JOHN DOE, Lieutenant,
Upstate Corr. Facility; and JANE DOE, Nurse,
Upstate Corr. Facility,

                         Defendants.
_____

9:14-CV-0613
(GTS/DEP)

APPEARANCES:

KENITH A'GARD, 10-A-3008
  Plaintiff, *Pro Se*
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

CHRISTOPHER J. HUMMEL, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Kenith

A'Gard ("Plaintiff") against the six above-captioned employees of the New York State

Department of Corrections and Community Supervision at Upstate Correctional Facility

("Defendants") are the following: (1) Defendant Locke's motion for summary judgment pursuant

to Fed. R. Civ. P. 56; (2) Plaintiff's cross-motion for summary judgment; (3) United States Magistrate David E. Peebles' Report-Recommendation recommending that Defendant Locke's motion be granted, that Plaintiff's cross-motion be denied, and that Plaintiff's claims against Defendants Corrections Officer John Doe 1, Corrections Officer John Doe 2, and Nurse Jane Doe be *sua sponte* dismissed without prejudice based on Plaintiff's failure to prosecute those claims and/or failure to comply with a Court Order to take reasonable steps to identify those Defendants pursuant to Fed. R. Civ. P. 41(b); (4) Plaintiff's Objections to the Report-Recommendation; (5) Magistrate Judge Peebles' Supplemental Report-Recommendation recommending that Plaintiff's claims against Defendants Sergeant John Doe and Lieutenant John Doe also be *sua sponte* dismissed without prejudice based on Plaintiff's failure to prosecute those claims and/or failure to comply with a Court Order to take reasonable steps to identify those Defendants pursuant to Fed. R. Civ. P. 41(b); (6) Plaintiff's Objection to the Supplemental Report-Recommendation; and (7) Plaintiff's motion to amend his Complaint. (Dkt. Nos. 53, 63, 71, 73, 78, 81, 82.) For the reasons set forth below, the Court accepts and adopts both the Report-Recommendation and the Supplemental Report-Recommendation for the reasons stated therein; Defendant's Locke's motion for summary judgment is granted and Plaintiff's claims against Defendant Locke are dismissed; Plaintiff's cross-motion for summary judgment is denied; his motion to amend his Complaint is denied; and his claims against Defendants Corrections Officer John Doe 1, Corrections Officer John Doe 2, Nurse Jane Doe, Sergeant John Doe and Lieutenant John Doe are dismissed without prejudice.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles rendered the following three recommendations: (1) that Plaintiff's claims against Defendant Locke be dismissed based on the doctrine of qualified immunity, especially in light of Plaintiff's willful failure to submit a response to Defendant Locke's Statement of Material Facts, as required by Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court; (2) that Plaintiff's claims against Defendants Corrections Officers John Doe 1, John Doe 2, and Nurse Jane Doe be *sua sponte* dismissed due to Plaintiff's failure to prosecute those claims and/or failure to comply with a Court Order to take reasonable steps to identify those Defendants; and (3) that Plaintiff's cross-motion for summary judgment be denied due to his willful failure to comply with Local Rule 7.1(a)(2),(3) of the Local Rules of Practice for this Court. (Dkt. No. 71, Part III.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections to the Report-Recommendation, Plaintiff argues that the Court should reject the Report-Recommendation for the following three reasons: (1) Magistrate Judge Peebles erred in recommending that the factual assertions contained in Defendant Locke's Statement of Material Facts be deemed admitted due to Plaintiff's failure to properly respond to them under Local Rule 7.1(a)(3), because Defendant Locke never met his threshold burden of citing admissible record evidence to establish the facts asserted; (2) Magistrate Judge Peebles erred in recommending that the Court penalize Plaintiff for failing to comply with Local Rule 7.1(a), because that failure was due to his lack of understanding of that rule as a *pro se* litigant, which was due to the Court's prior denial of Plaintiff's request for the appointment of counsel; and (3) Magistrate Judge Peebles erred in recommending that Plaintiff's claims against

Defendant Locke be dismissed based on the doctrine of qualified immunity, because a finding that it was objectively reasonable for Locke to believe he was not violating Plaintiff's rights is inconsistent with (a) the record evidence that Locke spoke with his supervisor about placing Plaintiff into a cell with Inmate James Health (thus demonstrating that Locke knew that the placement violated Plaintiff's rights), (b) the point of law that Defendant Locke cannot escape liability based on the defense that he was "just following orders," and (c) Magistrate Judge Peebles' prior finding that a genuine dispute of material fact exists regarding the merits of Plaintiff's claims against Defendant Locke. (Dkt. No. 73.)

C. **Magistrate Judge Peebles' Supplemental Report-Recommendation**

Generally, in his Supplemental Report-Recommendation, Magistrate Judge Peebles recommended that Plaintiff's claims against Defendants Sergeant John Doe and Lieutenant John Doe be *sua sponte* dismissed due to Plaintiff's failure to prosecute those claims and/or failure to comply with a Court Order to take reasonable steps to identify those Defendants. (Dkt. No. 78.) In doing so, Magistrate Judge Peebles found that, in response to having been ordered to produce to Plaintiff the true identities of the Defendants named in the Complaint as Sergeant John Doe and Lieutenant John Doe, defense counsel filed a letter on August 4, 2016, representing to the Court (as an officer of it) that, although defense counsel conferred with Defendant Locke regarding the identity of these two Defendants, Defendant Locke cannot recall the names of either Defendant, despite having reviewed the 11-Building console log book from the date of the incident. (*Id.*)

**D.     Plaintiff's Objection to the Supplemental Report-Recommendation**

Generally, in his Objection to the Supplemental Report-Recommendation, Plaintiff asserts two arguments: (1) while he does not know the name of Defendant Lieutenant John Doe, he does know the name of Defendant Sergeant John Doe, which is Sergeant "Smith"; and (2) because he can identify Defendant Sergeant John Doe, the Court should not dismiss his claims against that Defendant but permit him to amend his Complaint (so as to identify that Defendant as "Sergeant Smith" and voluntarily discontinue his claims against Defendant Lieutenant John Doe). (Dkt. No. 81.)

**E.     Plaintiff's Motion to Amend His Complaint**

Generally, in his motion to amend his Complaint, Plaintiff requests leave to do the following: (1) discontinue his claims against Defendant Lieutenant John Doe; (2) discontinuing his claims against Defendant Locke; and (3) identifying Defendant Sergeant John Doe as Defendant Sergeant "Smith"; and (3) adding claims against Defendant James C. Heath. (Dkt. No. 82.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

    [2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation and Supplemental Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation and Supplemental Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation and Supplemental Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, both the Report-Recommendation and Supplemental Report-Recommendation are accepted and adopted in their entirety for the reasons stated therein. To those reasons, the Court adds the following five points.

As to the first ground asserted in Plaintiff's Objections to the Report-Recommendation (summarized above in Part I.B. of this Decision and Order), Plaintiff is incorrect that Defendant Locke never met his threshold burden of citing admissible record evidence to establish the facts he asserted in his Statement of Material Facts; Locke did so. (*See* Dkt. No. 53, Attach 4 [Def. Locke's Rule 7.1 Statement, supporting factual assertions with accurate citations to admissible record evidence].) Indeed, the lack of merit of Plaintiff's claims against Defendant Locke is apparent from Plaintiff's attempt to abandon his claims against Locke in his proposed Amended Complaint. (Dkt. No. 82.)

As to the second ground asserted in Plaintiff's Objections to the Report-Recommendation (summarized above in Part I.B. of this Decision and Order), Plaintiff is incorrect that imposing the consequences of violating Local Rule 7.1(a)(3) on a *pro se* litigant who has been specifically advised of those consequences and nonetheless violated that rule effectively "penaliz[es]" that litigant for his *pro se* status. As Magistrate Judge Peebles' correctly stated in his Report-

8

Recommendation, even *pro se* litigants must obey a district court's procedural rules. (*See* Dkt. No. 71, at 9 [Report-Recommendation, citing cases].) *See also Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

The Court notes that Plaintiff was sufficiently and repeatedly advised of the consequences of failing to submit such a proper response through his receipt of, and/or access to, the following documents: (1) the courtesy copies of Local Rule 7.1(b)(3) of the District's Local Rules of Practice and pages 39 and 40 of the District's *Pro Se* Handbook, which were on file at his Correctional Facility during the time in question; and (2) the Notice of Consequences of Failing to Respond that was provided to Plaintiff by Defendants with their motion papers (Dkt. No. 53, page 2); and (3) a Notice from the Court advising Plaintiff of the motion response deadline, including a Notice of Consequences of Failing to Respond (Dkt. No. 54, at 1-2).

As to the third ground asserted in Plaintiff's Objections to the Report-Recommendation (summarized above in Part I.B. of this Decision and Order), as an initial matter, this Objection gives rise to only a clear-error review, because it is simply a reiteration of an argument asserted in his opposition memorandum of law. (*Compare* Dkt. No. 73, at Paragraphs 3-5 [Obj.] *with* Dkt. No. 63, at Points 1-3 [Opp'n Memo. of Law].) In any event, Plaintiff is incorrect that Magistrate Judge Peebles erred in recommending that Plaintiff's claims against Defendant Locke be dismissed based on the doctrine of qualified immunity, because of the record evidence that Locke spoke with his supervisor about placing Plaintiff into a cell with Inmate James Health: that evidence does not demonstrate that Locke knew that the placement violated Plaintiff's rights. In addition, Plaintiff is incorrect that Magistrate Judge Peebles erred in recommending that Plaintiff's claims against Defendant Locke be dismissed based on the doctrine of qualified immunity, because Defendant Locke cannot escape liability based on the defense that he was

9

"just following orders," and he had previously found a genuine dispute of material fact regarding the merits of Plaintiff's claims against Defendant Locke: as Magistrate Judge Peebles stated, qualified immunity is an immunity from suit rather than a mere defense to liability. (Dkt. No. 71, at 18 [Report-Recommendation].)

As to Plaintiff's Objection to the Supplemental Report-Recommendation (summarized above in Part I.D. of this Decision and Order), the Court rejects that Objection on each of two alternative grounds: (1) the Objection is untimely in that it is dated September 9, 2016, and the deadline for objections was September 6, 2016 (Dkt. No. 81); and (2) in any event, the Objection presents no specific challenge to any portion of the Supplemental Report-Recommendation, but merely an argument that Plaintiff "can amend [his] Complaint." (*compare* Dkt. No. 81 *with* Dkt. No. 78.) With regard to this second ground, the Court notes that a district court will ordinarily refuse to consider evidentiary material and arguments that could have been, but were not, presented to the magistrate judge in the first instance. *See, supra,* Part II of this Decision and Order.

As for Plaintiff's motion to amend his Complaint, that motion is in fact Plaintiff's second such motion, the first such motion having been filed on November 30, 2015, and denied on December 1, 2015. (Dkt. No. 47; Text Order filed Dec. 1, 2015.) Plaintiff's second motion is denied on each of six alternative grounds: (1) it is untimely (the motion filing deadline having expired on August 2, 2015) and Plaintiff has not shown good cause for an extension of the deadline (*compare* Dkt. No. 24, at 5 *with* Dkt. No. 82);[5] (2) it is barred by the law of the case

---

[5] *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); Fed. R. Civ. P. 16(b)(4), (f)(C) ("A schedule

doctrine, given that it is based on the same unsuccessful ground that supported his first such motion (*compare* Dkt. No. 47 *with* Dkt. No. 82 *and* Text Order filed Dec. 1, 2015); (3) it does not identify the amendments in the proposed pleading through the redline/strikeout method or other equivalent means, as required by Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court (Dkt. No. 82, Attach. 1);[6] (4) it is unsupported by a memorandum of law, in violation of Local Rule 7.1(a)(1); (5) it is unsupported by an affidavit, in violation of Local Rule 7.1(a)(2); and (6) it is unsupported by a showing of cause (e.g., the lack of undue delay, the lack of bad faith or dilatory motive on the part of Plaintiff, the lack of undue prejudice to Defendants by virtue of allowance of the amendment, the lack of futility of the amendment).[7]

**ACCORDINGLY**, it is

**ORDERED** that both Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 71) and his Supplemental Report-Recommendation (Dkt. No. 78) are **ACCEPTED** and **ADOPTED** in their entirety; and it is further

**ORDERED** that Defendant Locke's motion for summary judgment (Dkt. No. 53) is **GRANTED**, and Plaintiff's claims against Defendant Locke are **DISMISSED** from this action; and it is further

---

may be modified only for good cause and with the judge's consent. . . . On motion or its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").

[6] The Court notes that the underlined portions of Plaintiff's proposed Amended Complaint do not signify additions (or deletions) of language, but apparently merely portions of text that Plaintiff deems particularly relevant–a practice in which he engaged while drafting his original Complaint. (Compare Dkt. No. 1 with Dkt. No. 82, Attach. 1.)

[7] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that permissible grounds upon which to base the denial of a motion for leave to file an amended complaint include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to amend his Complaint (Dkt. No. 82) is **DENIED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Corrections Officer John Doe 1, Corrections Officer John Doe 2, Nurse Jane Doe, Sergeant John Doe and Lieutenant John Doe are *sua sponte* **DISMISSED** **without prejudice** based on Plaintiff's failure to prosecute those claims and/or failure to comply with a Court Order to take reasonable steps to identify those Defendants pursuant to Fed. R. Civ. P. 41(b).

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: September 20, 2016
      Syracuse, New York

                                      HON. GLENN T. SUDDABY
                                      Chief United States District Judge